**In the Matter of Randall F. LANHAM, Debtor.**

**Bankruptcy No. 280–00976.**

United States Bankruptcy Court, C. D. Illinois.

May 28, 1981.

Bruce J. Meachum, Danville, Ill., for debtor Randall Lanham.

William B. McNamara, Danville, Ill., for Marilyn McAllister.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

Randall F. Lanham filed a Chapter 13 proceeding on December 1, 1980. On January 15, 1981, this Court entered an order of confirmation. The debtor scheduled as one of his creditors his former wife, Marilyn McAllister, who on January 26, 1981, filed an objection to the confirmation of the plan. Her objection alleges that she and the debtor were divorced on April 22, 1980 and that the divorce settlement agreement directed the debtor to pay her $100.00 per week child support. When the debtor failed to make some of these payments Ms. McAllister filed proceedings in the Circuit Court of Vermilion County, Illinois, which on December 10, 1980, found the debtor in arrears in the sum of $1,750.00 and ordered the debtor, with his consent, to pay $61.00 per month on this arrearage in addition to maintaining the $100.00 per week child support payments.

The petitioner contends that the arrearage owed her is not dischargeable, that the plan should not include this arrearage, and that this Court should leave her free to pursue any remedies available in the state court to collect past, present or future child support payments.

The plan confirmed by the Court provided for the full payment of the $1,650.00 child support arrearage. However, the plan provides for payments on the arrearage of $46.47 per month, $14.53 per month less than ordered by the state court. The petitioner points out that the state court entered the order directing the debtor to make the $61.00 per month payments nine days after the debtor filed his petition and plan with this Court.

The debtor contends that, though the child support arrearage must be paid in full, the plan may provide for the curing of the default within a reasonable time under 11 U.S.C. § 1322(b)(3). The debtor goes further and argues that the Bankruptcy Code provides that current child support payments may be subject to the administration of the Bankruptcy Court in a Chapter 13 proceeding.

In response, petitioner contends that because § 523(a)(5) bars the discharge of any debt arising from child support obligations and § 362(b)(2) provides the automatic stay provision does not apply to actions to collect child support from non-estate property she may pursue her state court remedies.

While it is true that § 362(b)(2) of the Bankruptcy Code provides for the non-applicability of the automatic stay to proceedings to collect child support from non-estate property, § 1306(a)(2) defines property of the estate to include earnings from services performed by the debtor after the commencement of the case but before the case is closed or dismissed. Thus, though § 362 does not bar petitioner from proceeding against non-estate property to collect the child support arrearage, by the definition of property of the estate in § 1306(a)(2) there is little or no non-estate property against which to proceed.

■ Given this and Congress's intent, as expressed in § 523(a)(5), that Bankruptcy Courts not extinguish the right to receive child support payments, the Court finds petitioner must subject her claim to provisions of the Chapter 13 plan, a plan which must provide for the full payment of the arrearage within a reasonable time. The Court finds the provisions in this debtor's plan for the full repayment of the arrearage are reasonable.

■ The issue remains as to the effect of the state court order, entered with the debtor's agreement but after he had filed this Chapter 13 proceeding, providing for payments greater than provided in the plan. After filing his petition in this Court the debtor had no right to enter into any agreement affecting the property of his estate without this Court's permission. Since this Court did not give its permission for the debtor to make this agreement, the agreement does not bind any property or assets of the estate and is not enforceable against any part of the estate.

In conclusion, the Court finds the payment of the child support arrearage includable in the Chapter 13 plan; the payments under the plan on the arrearage are reasonable; and the order of the state court respecting the repayment of the arrearage, entered after the filing of this proceeding, cannot be enforced against any assets of the estate.

IT IS THEREFORE ORDERED that petitioner's objection to the confirmation of the plan be, and the same hereby is, denied.