**In re Walter Edward SUMMERLIN, Debtor.**

**Anna B. SUMMERLIN, Plaintiff,**

v.

**Walter Edward SUMMERLIN, Defendant.**

**Bankruptcy No. 82–02052–8.**
**Adv. No. 82–0818–AP.**

United States Bankruptcy Court, E.D. North Carolina.

Jan. 20, 1983.

Herbert Frank Allen, Tarboro, N.C., for plaintiff.

Malcolm J. Howard, Greenville, N.C., for defendant.

## MEMORANDUM OPINION

A. THOMAS SMALL, Bankruptcy Judge.

In this case the Plaintiff seeks to recover alimony from her estranged husband, who is a debtor under chapter 11 of the Bankruptcy Code.

The debtor's spouse filed a Complaint on December 16, 1982, asking for relief from the automatic stay of 11 U.S.C. § 362(a) to proceed in State Court to enforce a pre-bankruptcy State Court Order awarding her alimony *pendente lite*. The debtor's spouse also seeks to require the chapter 11 debtor to "specify and enumerate" his exempt property and to impose an equitable lien on the assets of the debtor's estate.

The debtor contends that the State Court Order was in essence a property settlement rather than alimony and that, in any event, to permit his spouse to pursue his exempt assets would jeopardize his prospects of formulating a successful chapter 11 plan. The trial was held on January 10, 1983.

The facts relevant to the alimony controversy are as follows:

On November 12, 1981, the District Court for Edgecombe County, North Carolina entered an Order against the debtor in favor of his wife for alimony *pendente lite*. The State Court found that the Debtor had treated his spouse of 10 years in a cruel manner and that he had without just cause abandoned her on May 16, 1981. The State Court found that the debtor's income and prospects for future income exceeded that of his wife and that she was dependent upon him for support. The Order provided that the debtor:

1) pay to his wife the sum of $125.00 per week;

2) maintain hospitalization and medical insurance for the benefit of his wife;

3) pay uninsured medical and dental bills of his wife;

4) discharge the monthly mortgage payments, hazard premiums and *ad valorem*

taxes on the home of which the wife is to have sole use and possession;

5) maintain in a safe, sound and insured condition a 1977 Cadillac of which the wife is to have sole use and possession; and

6) pay his wife's attorney's fees in the sum of $2,600.00.

The $125.00 weekly payments were to be made to the office of the Clerk of Superior Court of Edgecombe County, North Carolina, but the debtor has made no weekly payments since September, 1982. The debtor has made the mortgage payments on the home but has allowed his hospitalization and medical insurance to lapse. Before the Plaintiff could commence contempt proceedings in the State Court against her husband, the debtor, on October 18, 1982, filed a petition for relief under chapter 11.

■ While not bound to follow the State Court's determination that the State Court's Order represents an award for alimony, the Court finds the relief required by the State Court Order does in fact represent alimony. The State Court specifically considered the relative earnings of each spouse and found that the wife was dependent upon her husband for support. The payments which are enforceable by contempt proceedings (North Carolina General Statute 50–16.7(j)) represent the wife's immediate living expenses and needs. Although the Plaintiff is to have sole use and possession of the marital home, the joint ownership as tenants by the entirety of the home is not affected by the State Court Order. The award is clearly alimony. (See In re Vickers, 24 B.R. 112 (M.D.Tenn.1982)).

Having decided that the State Court Order is in the nature of alimony, we must now confront a more difficult issue. Against what property may the Plaintiff enforce her alimony claims?

■ Although unsecured claims for alimony do not have priority in distribution over other unsecured claims (11 U.S.C. § 507(a)), the Bankruptcy Code affords superior rights for the collection of alimony. Claims for alimony are non-dischargeable (11 U.S.C. § 523(a)(5)), are enforceable against the debtor's exempt property (11 U.S.C. § 522(c)(1)) and are excepted from the automatic stay with respect to property which is "not property of the estate" (11 U.S.C. § 362(b)(2)).

■ The needs and rights of the alimony claimant, however, must be balanced against the needs and rights of the debtor to seek rehabilitation under the Bankruptcy Code. This balancing of rights and needs has been considered by several courts in chapter 13 cases, but the issue is infrequently raised in cases under chapter 11. (See In re Sak, 21 B.R. 305 (E.D.N.Y.1982); In re Garrison, 5 B.R. 256 (E.D.Mich.1980); In re Adams, 12 B.R. 540 (D.Utah 1981); and In re Lanham, 7 B.C.D. 1358, 13 B.R. 45 (C.D. Ill.1981)).

■ The automatic stay of 11 U.S.C. § 362 does not prohibit the collection of alimony from property that is "not property of the estate" (11 U.S.C. § 362(b)(2)). Property acquired by the debtor after the filing of the bankruptcy petition is "not property of the estate" unless it is property which: the trustee recovers under 11 U.S.C. §§ 543, 550, 553, or 723 (11 U.S.C. § 541(a)(3)); is preserved for the benefit of or ordered transferred to the estate under 11 U.S.C. § 510(c) or 551 (11 U.S.C. § 541(a)(4)); is acquired by the debtor within 180 days after the bankruptcy petition a) by bequest, devise or inheritance, b) as a result of a property settlement with the debtor's spouse or of an interlocutory or final divorce decree, or c) as a beneficiary of a life insurance policy or of a death benefit plan (11 U.S.C. § 541(a)(5)); is proceeds, product, offspring, rents, and profits of or from property of the estate (11 U.S.C. § 541(a)(6)); or is an interest in property that the estate acquired after the commencement of the case (11 U.S.C. § 541(a)(7)).

■ The most promising source of postpetition property in the present case is the debtor's future earnings. Unlike post-petition earnings in a chapter 13 case (11 U.S.C. § 1306(a)(2)), an individual chapter 11 debtor's earnings from services after commence-

ment of the case are *not* property of the estate (11 U.S.C. § 541(a)(6)) and thus are subject to alimony claims.

Consequently, in this case, the Plaintiff may pursue the debtor's post-petition earnings for services performed by the debtor and, with the exception of the types of property described in 11 U.S.C. §§ 541(a)(3), (4), (5), (6), and (7), all assets acquired by the debtor after commencement of the bankruptcy case. The Plaintiff may, by application, ask the Court to determine whether a specific item constitutes property which is "not property of the estate."

█ May the alimony claimant also pursue a chapter 11 debtor's pre-petition property claimed by the debtor as exempt? Should the chapter 11 debtor be required to claim exemptions? Should the debtor's spouse be permitted to claim the chapter 11 debtor's exemption for him? The answers to these questions also require a balancing of the alimony claimant's needs and rights and the rights of the chapter 11 debtor to reorganize.

█ 11 U.S.C. § 522(*l*) says that an individual debtor *shall* claim exemptions and that failing to do so, the exemptions may be claimed by a dependent. Although 11 U.S.C. § 522(*l*) is applicable to individual debtors in chapter 11 (11 U.S.C. § 103(a)), exemptions have limited usage in chapter 11 cases. Exemptions must be considered in determining whether objecting creditors are receiving more through the chapter 11 plan than they would under a chapter 7 liquidation (11 U.S.C. § 1129(a)(7)(A)(ii)) and an individual debtor may claim exemptions in a plan of liquidation proposed by his creditors. In most chapter 11 cases, however, the individual debtor's property is protected not by the exemptions but by 11 U.S.C. § 1141(b) and (c), which say that except as otherwise provided in the plan or the order confirming the plan, all of the property of the estate vests in the debtor upon confirmation free of liens. In most cases, therefore, an individual chapter 11 debtor could waive or refrain from claiming his exemptions to frustrate his spouse's ef-

forts to collect alimony. If the spouse is allowed to claim the exemptions under 11 U.S.C. § 522(*l*), however, the assets chosen as exempt might be crucial to the debtor's reorganization. As long as the spouse's needs are met and alimony rights are adequately protected, the debtor should be given a reasonable time to select exemptions.

In the present case the debtor has claimed (in Schedule B–4) three items as exempt: 1) his interest in the entireties property up to $7,500; 2) Household goods, personal effects and an organ estimated by the debtor to have a value of $1,200; and 3) one unspecified vehicle having a value of $1,000. The third exemption is of little help to the Plaintiff, however, in that the debtor's schedules reflect no less than nine motor vehicles.

█ Because the debtor is delinquent in his alimony payments, he is not meeting the needs of his wife. The Plaintiff, therefore, should be entitled to pursue her husband's exempt property. The debtor then should declare and specify all of his exempt property within 10 days of this date. If the debtor does not declare and specify all of his exemptions by that date, the Plaintiff shall be permitted to claim and specify the debtor's exemptions. Once claimed as exempt, the property is "not property of the estate" and may be pursued by the Plaintiff for her alimony claims.

If the Debtor believes that property acquired after the commencement of his case or the property claimed as exempt is needed for his reorganization, he may seek to have the Plaintiff enjoined pursuant to 11 U.S.C. § 105 from pursuing that property. Such an injunction would only issue upon a showing that the property is necessary for reorganization, that there is a reasonable prospect of reorganization, that the debtor's wife's immediate needs are being met and her alimony rights are being adequately protected.

█ The Plaintiff offered no evidence to support a claim for an equitable lien on the assets of the debtor's estate, and the Plaintiff's request for relief in that regard is denied.

An appropriate Order shall be entered.