**In re Forrest W. ADAMS, Debtor.**

**Bankruptcy No. 80–00970.**

United States Bankruptcy Court,
D. Utah.

July 15, 1981.

Rulon R. Price, Salt Lake City, for debtor, Forrest W. Adams.

Don E. Olsen, Salt Lake City, for creditor, Ruth R. Adams.

RALPH R. MABEY, Bankruptcy Judge.

The issue arising in this case concerns the extent of "property of the estate" in a Chapter 13 case. Where there exists a non-dischargeable obligation for alimony and support under § 523(a)(5), its collection, under § 362(b)(2), is excepted from the automatic stay insofar as satisfaction is sought from "property that is not property of the estate." Out of what property, then, can such a debt be satisfied once a Chapter 13 petition has been filed?

The facts of this case are as follows. The debtor filed a Chapter 13 petition and obtained confirmation of his Chapter 13 plan. Subsequent to the confirmation, the debtor's former spouse proceeded in state court to obtain judgment and thereafter collect upon a debt for past alimony and child support. The debtor brought an order to show cause against his ex-spouse for violation of the automatic stay. The parties stipulated at the hearing on the order to show cause that the sum of $550 per month constituted a nondischargeable debt under Section 523(a)(5). The question then arose as to what property, if any, was not property of the Chapter 13 estate and, therefore, was available for satisfaction of this nondischargeable debt.

Upon the filing of a petition in Chapter 13, an estate is created pursuant to Section 1306. This section defines property of the estate in a Chapter 13 case to include all property specified in Section 541 as well as

(1) all property of the kind specified in such section [Section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.

Taking this definition in conjunction with the expansive wording of Section 541 which includes, among other enumerated categories, "all legal or equitable interests of the debtor in property" as property of the estate, it would appear at first glance that virtually no property remains as "property of the debtor" in Chapter 13 out of which a debt, such as the one at hand, could be satisfied. However, upon consideration of the effect confirmation of a plan under Chapter 13 has on the breadth of "property of the estate," and upon further consideration of the effect the exemption provisions found in Section 522 have in Chapter 13, an asset line can be drawn, subsequent to confirmation, between "property of the estate" and "property of the debtor" which may fairly protect the rights of debtor and his dependents.

The expansive definition of Section 1306 defines "property of the estate" as it exists upon the filing of a petition. At that point there is virtually no property of the debtor available to the ex-spouse attempting to collect a debt for support under the exception of Section 362(b)(2). Even though post-petition wages and other property normally remain in the possession and control of the debtor prior to confirmation under Section 1306(b), that property remains "property of the estate" under Section 1306(a). In contrast to former law, even exempt property passes to the estate.[1]

Circumstances change, however, upon the confirmation of a plan. In most cases, which do not involve businesses or complicated claims to property, confirmation is achieved, if at all, usually soon after the petition is filed. Section 1322(b)(9) allows the plan to vest property of the estate in the debtor or other entity at confirmation or anytime thereafter. Even if the plan does not so provide, under Section 1327(b), unless the plan or order of confirmation provides otherwise, "the confirmation of a plan vests all of the property of the estate

1. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 368 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

in the debtor."[2] Furthermore, under subsection (c) of Section 1327, except as is provided in the plan or the order of confirmation, "the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan."

Under these provisions, the expansive definition of "property of the estate" found in Section 1306 is pruned dramatically at confirmation. Any property which has not been designated in the plan or order of confirmation as necessary for the execution of the plan revests in the debtor, under Section 1327(b), to become "property of the debtor."[3] Thus, all wages over and above those paid to the trustee or creditors under a plan, and any property which the debtor does not propose to use in funding his plan returns to the debtor and becomes subject to the reach of his ex-spouse under Section 362(b)(2). Therefore, although the ex-spouse's collection action is initially held at bay by the breadth of the Section 1306 estate, once confirmation occurs, a more equitable balance is struck between the needs of the debtor to rehabilitate himself and those of his dependents seeking lawful support.

A more complicated question arises as to the treatment of property claimed as exempt in a Chapter 13. Under Section 522(c)(1), property claimed by the debtor as exempt, in the absence of objection, becomes exempt. Thus, although all property of the debtor, including property claimed as exempt, initially passes to the estate, once that property claimed as exempt becomes exempt under Section 522(c)(1), it returns to the debtor and becomes "property of the debtor."[4] This property would ordinarily then be subject to the nondischargeable claim of the ex-spouse for alimony and support.

In Chapter 13, however, property, even though claimed as exempt, can in effect remain property of the estate if the debtor proposes to fund his plan in part through the use of exempt property. Section 1322(b)(8) specifically allows the debtor to propose payment of "all or any part of a claim against the debtor from ... property of the debtor".[5] The debtor can, in effect, waive his exemptions and use exempt property in repaying creditors under a plan. If this occurs, the property is not subject to the ex-spouse's claim, for when it is designated to fund a confirmed plan, the exemption is waived and the property remains property of the estate. Thus, it would appear that the ex-spouse does not have an absolute right in a Chapter 13 to go after

2. 5 Collier on Bankruptcy ¶ 1322.01[4], at 1322–14 (15th ed. 1980), clarifies the interaction of Sections 1322(b)(9) and 1327(b) by noting that Section 1327(b) works by operation of law in the absence of specific provisions in the plan to the contrary whereas Section 1322(b)(9) gives ultimate control to the debtor to vest, by terms of a confirmed plan, property of the estate not only in himself but in another entity, as he may desire.

3. See In re Stark, 8 B.R. 233, 234 (N.D.Ohio 1981) ("Because the Debtor's plan did not provide otherwise, all the property of the estate vested, upon confirmation, in the debtors. Consequently, no estate, as is provided for in 11 U.S.C. Section 1306 and Section 541, is in existence.") See also 5 Collier on Bankruptcy ¶ 1327.01, at 1327–3 (15th ed. 1980) which notes that Section 1327(b) "implements a major theme of Chapter 13 by preserving to the debtor ownership, as well as possession, of all property, whether acquired before or during the Chapter 13 case except as otherwise required to effectuate the confirmed plan."

4. See H.R.Rep.No.95–595, supra at 368, S.Rep. No.95–989, supra at 82. See also In re Lantz, 7 B.R. 77, 80 (S.D.Ohio 1980) ("one disposition of property of the estate is the allocation to the debtor to fulfill exemption rights").

5. See H.R.Rep.No.95–595 supra at 429. ("It [paragraph 1322(b)(8)] permits the plan to provide for payment of claims from property of the estate or from property of the debtor, such as exempt property." (Emphasis added.)) See also In re Devall, 9 B.R. 41 (M.D.Ala.1980); In re Buren, 6 B.R. 744, 6 B.C.D. 1130 (Bkrtcy.M.D.Tenn.1980). Both of these cases upheld the debtor's right to designate social security payments, which may be claimed as exempt, as funding for Chapter 13 plans. They further emphasized that such a use of potentially exempt property is personal to the debtor and can be transferred freely in order to fund a plan at his option despite objections from the Social Security Administration.

property claimed by the debtor as exempt: until confirmation or at least the proposal of a plan, the question of what property claimed as exempt by the debtor actually becomes "property of the debtor" is not settled. Therefore, although the ex-spouse is given an expedited right to proceed against property of the debtor that "is not property of the estate" under Section 362(b)(2), where the debtor has filed a Chapter 13 case, the spouse may be prohibited from proceeding to collect until at least a plan is proposed, and the distinction between what is property of the debtor, by virtue of his claimed exemptions, and what is property of the estate has been clearly drawn.

In the case at hand, since confirmation has already occurred, all issues relative to what constitutes property of the debtor have been settled, and the spouse may proceed to collect on her nondischargeable debt. At this point, she has the right to proceed against the wages of the debtor in the amount they exceed the payments to the trustee under the plan and may further proceed against any property claimed as exempt which is not being used to fund the plan, and any other property which has likewise been retained by the debtor and is not necessary to the execution of the plan as proposed.

It seems appropriate to note at this point that where a former spouse has a nondischargeable debt against a debtor filing a Chapter 13, perhaps the best way for both the debtor and creditor spouse to handle payment of this debt would be through inclusion of the claim in full in the plan. As this claim, being a nondischargeable one, entitles its holder to different rights against the property of the debtor than are available to the holders of other unsecured claims in a Chapter 13, it would appear to the Court that this claim could properly be separately classified and paid in full despite the debtor's failure to propose full payment to other unsecured claims.[6] Where the claim is handled under the plan, the spouse is relieved from pursuing collection on her

claim outside of the bankruptcy, and can instead rely on the trustee to monitor payment of her claim along with the claims of others under the plan. Likewise, this treatment of the claim provides the debtor with a more orderly disposition of a claim which cannot be discharged in bankruptcy. As Section 1327(c) operates to revest property in the debtor not being used to fund a plan "free and clear of any claim or interest of any creditor *provided for by the plan,*" to the extent this nondischargeable debt is handled within the plan, the debtor is free from further claims on his property or postpetition wages which he might otherwise be subject to.

IT IS NOW ORDERED that proceedings may be instituted in this case to collect the debt for back alimony and support to the extent that debt has been determined to be nondischargeable and in accordance with the directives herein.

---

6. *See In re Haag,* 3 B.R. 649, 6 B.C.D. 367 (Bkrtcy.D.Or.1980).