**In re David Paul JOHNSON and Penelope A. Johnson, Debtors.**

**Bankruptcy No. 80A–02416.**

United States Bankruptcy Court, D. Utah.

Dec. 12, 1983.

Richard F. Bojanowski and Peter J. Kuhn, Salt Lake City, Utah, for debtors.

Duane H. Gillman, Boulden & Gillman, Salt Lake City, Utah, for standing trustee.

Leon A. Halgren, Asst. Utah Atty. Gen., Salt Lake City, Utah, for the Office of Recovery Services of the Dept. of Social Services, State of Utah.

Robert S. Horwitz, Dept. of Justice, Washington, D.C., and Barbara Richman, Asst. U.S. Atty., Salt Lake City, Utah, for I.R.S.

## MEMORANDUM OPINION

GLEN E. CLARK, Bankruptcy Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed a petition for relief under Chapter 13 on November 25, 1980. The Internal Revenue Service (IRS) received notice of the filing, as did the Office of Recovery Services (ORS) of the Department of Social Services of the State of Utah. On December 23, 1980, the IRS placed a "freeze code" or "bankruptcy control" on debtors' account. For as long as the "freeze code" or "bankruptcy control" remains on an account in the IRS computer system, no taxes are assessed, no liens are filed, no levies are made, tax overpayments are not applied to tax liabilities, and no refunds of tax overpayments are issued. After placing a "freeze code" or "bankruptcy control" on debtors' account, the IRS researched debtors' tax liabilities and determined that there were no tax liabilities or refunds. The freeze code, however, was not released until March 2, 1982.

In the meantime, on January 23, 1981, the court confirmed debtors' plan, which did not provide for any of Mr. Johnson's post-petition child support obligations. On December 9, 1981, ORS obtained a judgment against Mr. Johnson for post-petition child support in the amount of $603.00.

In 1982, debtors overpaid their federal income taxes in the amount of $629.00. In March 1983, Mrs. Johnson was told by ORS that it would take the debtors' 1982 federal tax refund. On April 15, 1983, debtors filed their federal tax return claiming a $629.00 refund. Debtors planned to use their re-

fund to pay their 1983 property taxes and are without funds to pay the taxes if they do not receive the refund.

On May 13, 1983, IRS received a certificate from the Secretary of Health and Human Services as provided by 26 U.S.C. § 6305, which requires the IRS to assess and collect the amount certified "in the same manner, with the same powers, and (except as provided in this section) subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay." When the IRS Service Center in Ogden, Utah, receives a certificate of a child support obligation from the Secretary of Health and Human Services, IRS employees input a freeze code into their computer so that any tax overpayments will be paid to the State of Utah to satisfy outstanding child support obligations. If the computer shows a bankruptcy control code on the account, however, the refund is not sent to the state. In this case, the IRS had released its bankruptcy control code on March 2, 1982. Thus, on June 6, 1983, debtors' $629.00 tax refund was transferred to ORS and was subsequently applied to Mr. Johnson's outstanding post-petition child support obligation.

Debtors and ORS have stipulated that subsequently ORS obtained another judgment against Mr. Johnson for post-petition unpaid child support on June 22, 1983 in the amount of $808.00. Subsequently, debtors executed a wage assignment for $202.00 per month to satisfy this judgment.

Although the parties had stipulated that for four months after debtors' filing ORS had received $258.48 from a wage assignment and that on May 26, 1983, that amount was refunded to debtors, debtors now say that they did not receive the check for $258.48.

On August 12, 1983, debtors filed an application for an order to show cause against the IRS and ORS. On September 20, 1983, the court issued an order to show cause requiring them to appear and show cause why they should not be held in contempt for violation of the automatic stay, required

to pay debtors' attorneys fees and costs, and required to turn over debtor's tax refund.

## DISCUSSION

*In re Adams,* 12 B.R. 540 (Bkrtcy.D.Utah 1981), teaches that upon the filing of a Chapter 13 petition, an estate is created pursuant to Section 1306 which includes all property of the kind specified in Section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted and earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted. Thus, in this case the tax refund of $629.00 for the 1982 tax year to which debtors became entitled during the pendency of their case might appear to have been property of the estate protected by the automatic stay which continues in a Chapter 13 case under Section 362(c)(1) until property of the estate is no longer property of the estate. It might therefore appear that the tax refund never became collectible under Section 362(b)(2), which permits, notwithstanding the stay, collection of child support obligations from property that is not property of the estate.

*Adams,* however, explains that upon confirmation of a Chapter 13 plan, all property of the estate not dedicated to performance of the plan becomes property of the debtor under Section 1327(b). Thus, upon confirmation, debtors' tax refund, which was formerly property of the estate and which was not dedicated to the plan became property of the debtors and subject to the reach of ORS under Section 362(b)(2). Section 1327(c) operates to revest property in the debtor "free and clear of any claim ... of any creditor provided for by the plan." But inasmuch as debtors' plan fails to provide for post-petition claims of ORS for child support, Section 1327(c) did not free debtors' tax return from the post-petition claims of ORS. Upon confirmation of debtors' plan on January 23, 1981, ORS was free to collect its post-petition debts for child support from any property of the debtors not dedicated to their plan. The plan did not

include debtors' 1982 tax refund. Thus, the post-confirmation actions taken by either ORS or IRS in the collection of child support debts from debtors' 1982 tax refund were lawful and not taken in violation of Section 362(a).

Because no other violations of the automatic stay were alleged or proved, the order to show cause against IRS and ORS should be dismissed.

IT IS THEREFORE ORDERED, that the order to show cause against IRS and ORS is hereby dismissed.