**In re Bruce Kent MASON, Debtor.**

**Bruce Kent MASON, Plaintiff,**

v.

**Mack R. WILLIAMS, Defendant.**

**Bankruptcy No. 381–04180.**
**Adv. No. 84–0284.**

United States Bankruptcy Court,
D. Oregon.

Nov. 9, 1984.

Robert J. Altman, Snyder & Altman, Portland, Or., for debtor.

Mark A. Gordon, Opton & Galton, Portland, Or., for creditor.

## MEMORANDUM OPINION

HENRY L. HESS, JR., Bankruptcy Judge.

This matter came before the court upon the filing by the debtor of a complaint to recover funds garnished by the defendant/creditor. On August 7, 1984, the court conducted a pretrial conference at which the debtor's attorney, Robert J. Altman, and the creditor's attorney, Mark Gordon, appeared. At that conference, the parties agreed that the facts in this case were not disputed and consented to the submission of the case to the court for decision without a trial or further hearings. Accordingly, the court makes the following findings and conclusions.

On December 11, 1981, the debtor filed a petition for relief under chapter 13 of the Code. On that same date, the debtor filed his plan. Paragraph 6 of that plan provides:

Except as provided in this Plan or in the Order Confirming the Plan, upon confirmation of this Plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this Plan pursuant to 11 U.S.C. § 1327.

Nothing else in the plan provided otherwise.

On February 9, 1982, the court entered an order confirming the plan. This order did not alter paragraph 6 of the plan. After confirmation of the plan, the debtor became indebted to the creditor and, on September 27, 1983, the creditor obtained a judgment against the debtor for the amount of the unpaid debt. Sometime thereafter, the creditor caused the debtor's wages to be garnished in an effort to collect on the debt. As a result, the creditor obtained $625.45 from the debtor's wages.

The debtor contends that the creditor's actions violated the automatic stay of 11 U.S.C. § 362(a) and, therefore, asks this court to set aside the state court judgment and require the creditor to return the garnished funds.

11 U.S.C. § 362(a) provides, in pertinent part, as follows:

... a petition filed under ... this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance of employment of process, or a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; ...

For analytical purposes, § 362(a) can be viewed as prohibiting acts which fall into either of two categories:

1. Acts against the debtor which could have been commenced before commencement of the bankruptcy case. § 362(a)(1), (2), (5), (6) and (7).

2. Acts to obtain possession of property of the estate, regardless of whether the action could have been commenced before the commencement of the bankruptcy case. § 362(a)(2), (3) and (4).

*See, In Re York,* 13 B.R. 757 (Bkrtcy.D.Me. 1981).

■ In the instant case, the parties have stipulated that the creditor's claim arose after the petition in bankruptcy was filed. Accordingly, in order for the automatic stay to apply to prohibit the creditor's conduct, the creditor must have committed an act to obtain possession of property of the estate.

11 U.S.C. § 1306 provides:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.

11 U.S.C. § 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Chapter 11 contains substantially similar provisions. See 11 U.S.C. §§ 1107, 1108 and subsections (a) (b) and (c) of § 1141.

■ Thus, it is contemplated in both chapter 11 (unless a trustee is appointed) and chapter 13, that the debtor remain in possession of all of the property of the estate between the time of the filing of the petition for relief and the order of confirmation. Title to such property, however, remains in the estate and is subject to the control of the court. Upon confirmation, not only does the debtor have the right to possession of the property which was property of the estate, but he is then vested with title to the property of the estate. This title vests in the debtor free and clear of the claims of pre-confirmation creditors except as otherwise provided in the plan or the order of confirmation. No longer is disposition of the property (except as otherwise provided in the plan or the order) controlled by the court. While the debtor has the obligation to comply with the plan and failure to do so could result in dismissal or conversion to chapter 7, the debtor nevertheless may use, sell or lease the property within or outside the ordinary course of business without the necessity of notice and a hearing or order of the bankruptcy court. The debtor's right of control of the property is the same as if no bankruptcy case had ever been filed except to the extent that the plan or order confirming the plan provides otherwise. Post-confirmation creditors may deal with the debtor as if no bankruptcy case were pending. Were this not so, the reorganized debtor might find it difficult, if not impossible, to obtain post-confirmation credit during the pendency of this bankruptcy case.

■ By providing that, prior to confirmation, the debtor has the right of possession of the property of the estate and that upon confirmation such property vests in the debtor, the Bankruptcy Code recognizes a distinction between the mere right to pos-

sess property and ownership of such property. During the period prior to confirmation, the property owned by the debtor at the time of commencement of the case and property acquired thereafter is given status of property of the estate in order to protect the property from action by both pre and post-petition creditors. This gives the debtor an opportunity to propose a plan and obtain confirmation. All pre-confirmation creditors are provided for in the plan. In order to obtain confirmation, the debtor must assure the court, and the court must find, that the plan is feasible. 11 U.S.C. § 1129(a)(11) and § 1325(a)(6). In other words, the debtor has represented that there will be no need for protection of the court from actions by post-confirmation creditors.

■ In the present chapter 13 case, the plan provided that all property would vest in the debtor upon confirmation. The order confirming the plan (dated February 9, 1982) did not provide otherwise. Accordingly, after February 9, 1982, there was no estate in existence. *In Re Stark,* 8 B.R. 233 (Bkrtcy.N.D.Oh.1981). Since the creditor's efforts to collect on the post-petition debt all occurred after February 9, 1982, and had no effect upon property of the estate, the automatic stay did not prohibit these efforts.

It should be noted that this result is not necessarily undesirable. *Contra., In Re York,* 13 B.R. 757 (Bkrtcy.D.Me.1981). As previously stated, by proposing a plan, the debtor represented to the court that the plan was feasible and that he would not be required to incur additional debt that would jeopardize the plan's successful completion. Indeed, the order confirming the plan mandated that "the debtor shall incur no further credit obligations during the life of the plan, except emergency medical expenses, without permission of the trustee." Such permission was not obtained in this case. There is no indication that the creditor knew of the bankruptcy at the time the debt was incurred. When a post-petition debt is the result of an accident or misfortune beyond the debtor's control, it would be inequitable to require the non-volunteer, post-petition creditor to delay collection of his damages. Unlike the pre-petition creditors, the post-petition creditor has no opportunity to object to confirmation of the plan. A debtor can protect himself from most negligence or medical claims by the purchase of insurance, the cost of which would be appropriate items in his budget. If an unexpected need to incur credit arises, such as the need to purchase a replacement automobile, payment of which could interfere with the debtor's ability to perform the confirmed plan, the debtor should seek modification of the plan under § 1329 to accommodate payment of the post-confirmation debt.

Therefore, in view of the plain language of §§ 362(a), 1327(b) and the debtor's plan, the creditor's acts did not violate the automatic stay and the debtor's complaint will be dismissed with prejudice.

This opinion shall constitute the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.