**In re William L. DICKEY, Debtor.**

**Bankruptcy No. 81–01504–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 30, 1985.

Stuart M. Fischbein, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

**4**

Roy B. Zimmerman, Alexandria, Va., for debtor.

Gerald M. O'Donnell, Alexandria, Va., trustee.

## ORDER

MARTIN V.B. BOSTETTER, Jr., Chief Bankruptcy Judge.

This cause came on for trial before this Court on Tuesday, December 18, 1984, upon the debtor's Application To Amend His Supplemental Plan and the Application For Show Cause Order why the Internal Revenue Service should not be held in contempt for violation of the automatic stay, as well as the court's Order to Show Cause dated November 20, 1984.

The debtor's plan under Chapter 13 was confirmed by this Court on March 23, 1982. The claim of the Internal Revenue Service for income taxes for the years 1979, 1980 and 1981 were provided for by the Plan. After confirmation, the Internal Revenue Service levied upon the debtor's residence and his savings and checking accounts for assessments against him of income taxes for the years 1982 and 1983. The Internal Revenue Service also filed a notice of the tax liens arising from those assessments. The debtor has moved to hold the Internal Revenue Service in contempt for those acts "for failure to comply with the automatic stay entered by this Court on December 29, 1981, pursuant to the provisions of Section 362 and Section 1305 of the Bankruptcy Code." (Order to Show Cause.) Simultaneously the debtor has filed a claim for the 1982 and 1983 tax liabilities and has moved to amend his plan to provide for those liabilities.

The debtor argues that under 11 U.S.C. Sections 1305(a) and 501(c) he should be permitted to file a claim on behalf of the Internal Revenue Service for the post-petition taxes and should be permitted under 11 U.S.C. Section 1329 to amend his plan to provide for those taxes; that in any event the taxes are to be treated as pre-petition claims by 11 U.S.C. Section 502(i); and that he should not "be forced by the collection actions of a governmental agency to be unable to perform under the original plan" when he can schedule the new tax debt "to pay it all over time in addition to the other creditors" (Memorandum of Points and Authorities at 7) within the period of time contemplated by the original plan (Id. at 6).

█ The Court concludes that the Internal Revenue Service has filed no proof of claim with regard to debtor's post-petition 1982 and 1983 income tax liabilities; that neither 11 U.S.C., Sec. 1305(a), nor 11 U.S.C., Sec. 501(c) permits the debtor in these circumstances to file a proof of claim for a post-petition claim on behalf of a creditor who does not file one; that 11 U.S.C., Sec. 502(i) does not allow for the treatment of post-petition priority tax claims under these circumstances as if they were pre-petition claims; and that 11 U.S.C. Section 1329 does not permit amendment of the plan in these circumstances.

█ Finally, the Court concludes that upon confirmation of debtor's Chapter 13 Plan, all property revested in the debtor and the estate was terminated. 11 U.S.C. Section 1327(b); *In re Stark*, 8 B.R. 233 (Bkrtcy.N.D.Ohio 1981). Thus, upon confirmation of the Plan, the automatic stay of 11 U.S.C., Sec. 362 terminated against collection of debtor's post-petition 1982 and 1983 income tax liabilities. *In re Westholt Manufacturing, Inc.*, 20 B.R. 368 (Bkrtcy Kansas 1982), aff'd *sub. nom. United States v. Redmond*, 36 B.R. 932 (D.Kansas 1984); *In re Mason*, 45 B.R. 498, 12 B.C.D. 527 (Bkrtcy.Oregon 1984).

Accordingly, IT IS ORDERED that the proof of claim filed by debtor with regard to his post-petition income tax liabilities for 1982 and 1983 income tax liabilities be stricken.

Further, IT IS ORDERED that debtor's application to amend his supplemental plan to include debtor's post-petition income tax liabilities for 1982 and 1983 be denied pursuant to 11 U.S.C., Sections 1305 and 1329.

Finally, IT IS ORDERED that debtor's application to show cause why the Internal

Revenue Service should not be held in contempt be dismissed.