**In re Milton KORGAN, Carol Korgan, dba The Ken Chase Co., Korgan's Original Strudel House & Restaurant and The Chase, Debtors.**

**Bankruptcy No. 382–01560H (11).**

United States Bankruptcy Court,
D. Oregon.

July 23, 1985.

David Hercher, Portland, Or., for Valley Plaza.

Magar E. Magar, Portland, Or., for Korgan.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court on Valley Plaza Partnership's (hereinafter referred to as "VPP") motion for relief from stay. VPP asked for relief from the automatic stay of 11 U.S.C. § 362(a), to the extent it was in effect, to proceed against the debtor for claims VPP alleges arose after January 10, 1984, the date the debtors' chapter 11 plan herein was confirmed.

Subsection (c)(1) of § 362 states that " * * * [The] stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate ...". In the present case, since neither the plan nor the order of confirmation provide otherwise, upon confirmation all of the property of the estate vested in the debtors and there was no longer any property of the estate. 11 U.S.C. § 1141(b); *In re Mason*, 12 B.C.D. 527, 45 B.R. 498 (Bkrtcy.D.Or.1984).

Subsection (c)(2)(C) of § 362 provides that the stay of any other act under subsection (a) continues until a discharge is granted. 11 U.S.C. § 1141(d)(1) provides, with certain presently irrelevant exceptions, that confirmation of the plan discharges the

debtor from specified debts. The legislative history of this section notes that: "Subsection (d) contains the discharge for a reorganized debtor." Notes of Committee on the Judiciary, S.R. No. 95–989. Because the plan was confirmed, the debtors have been "discharged" as contemplated in § 362(c)(2)(C).

Therefore, pursuant to 11 U.S.C. § 362(c)(1) and (2), the automatic stay provided in § 362(a) expired upon confirmation of the debtors' plan.

The debtors argue, however, that the stay is still in effect due to Article VI of the plan, which provides:

The automatic stay provided by 11 U.S.C. § 362 staying certain acts against the Debtors and Debtors' property shall remain in full force and effect after confirmation.

This argument is not persuasive. Since § 362(a) does not, by its own terms, stay post confirmation, post discharge acts by creditors, its mere incorporation in the plan by reference does not change its effect. While other sections of Title 11 may preclude certain post-discharge acts by certain creditors, § 362 of Title 11 ordinarily does not do so. In other words, in this case, Article VI of the Plan adds nothing.

Accordingly, § 362(a) does not prevent VPP from pursuing collection efforts against the debtors to recover upon post confirmation claims. Since VPP has requested relief from the stay imposed by § 362(a), to the extent such relief is necessary, the court will enter an order granting relief from stay to VPP.

This opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.