**In re Chester Eli ROOT, III, SSN: 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, Debtor.**

**Bankruptcy No. 85 B 05279 J.**

United States Bankruptcy Court, D. Colorado.

July 1, 1986.

William D. Nelsch, Denver, Col., for debtor.

Daheel Goss, Sp. Asst. U.S. Atty., for the Dist. of Colo., for the U.S. and the I.R.S.

### ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Order to Show Cause issued by this Court to the United States of America,

Internal Revenue Service ("IRS") and Mark Rook, an employee of the IRS.

The facts are undisputed. On September 11, 1985, the Debtor filed his Chapter 13 petition. On February 7, 1986, the Debtor's Chapter 13 Plan was confirmed. As part of that Plan, counsel for the Debtor was allowed a fee of $750.00 to be paid from the Debtor's Plan payments. On December 24, 1985, the IRS filed its proof of claim and thus had knowledge of the pending bankruptcy. On March 25, 1986, the IRS served a Notice of Levy upon the Debtor demanding payment directly from the Debtor to the IRS of all attorney fees then owed by the Debtor to his attorney for taxes claimed due and owing *from the attorney.*

Debtor claims that this action by the IRS violates 11 U.S.C. § 362 as being an act to obtain property of the estate or to create, perfect, or enforce a lien against property of the estate.

In Chapter 13, upon the filing of a petition, earnings from services performed by the Debtor post-petition are "property of the estate". 11 U.S.C. § 1306(a)(2). After confirmation of a Chapter 13 Plan, all "property of the estate" is vested in the debtor, *unless* otherwise provided for in the Plan. "Any property which has not been designated in the plan or order of confirmation as necessary for the execution of the plan revests in the debtor ..." and is thus no longer "property of the estate". *In re Adams,* 12 B.R. 540 (Bankr.Utah 1981). Any property that has been designated in the plan or order of confirmation as necessary for the execution of the plan, *e.g.* post-petition wages up to the amount of the plan payments each month, remain "property of the estate."

The Court has studied the case of *In re Mason,* 45 B.R. 498 (Bankr.Ore.1984), *aff'd* 51 B.R. 548 (D.Ore.1985), and *In re Stark,* 8 B.R. 233 (Bankr.N.D.Oh.1981), upon which the courts in *Mason* rely. Those cases hold that upon confirmation of a Chapter 13 plan, *all* property of the estate vests in the debtor, and consequently, no estate exists. This Court strongly disagrees. If there is no existing estate upon confirmation, then what does the Chapter 13 Trustee administer? If there is no estate over which the Chapter 13 Trustee has control, then that Trustee is nothing more than an officious intermeddler. Even 11 U.S.C. § 704(9), (made applicable to Chapter 13 Trustees by 11 U.S.C. § 1302(b)(1)), provides that the Trustee shall "... make a final report and file a final account of the administration of the *estate* [emphasis added] with the court." There must be an "estate" upon and after confirmation, and that estate consists of the property and future earnings of the debtor dedicated to fulfillment of the Chapter 13 Plan.

In this case, the Debtor has made his payments under the Plan and the fees of his attorney had already been paid by the Chapter 13 Trustee prior to the levy by the IRS. Thus, when the Debtor responded to the levy he owed no fees to his attorney, and the IRS ceased pursuing the matter. There was no evidence that the IRS was specifically seeking to levy on that portion of the property and earnings which remained "property of the estate" post-confirmation. Had that evidence been forthcoming, the IRS would have been in violation of § 362.

If the IRS was seeking to levy only upon property of the Debtor which did not constitute "property of the estate", such action would not have been in violation of § 362. Such action by the IRS, however, causes nothing but anguish to the Debtor and confusion to the Debtor, the Trustee, and the Court. In this case, the Debtor initially thought the IRS was seeking payment of the *Debtor's* taxes which had been provided for in the Plan. Had the Trustee not already paid Debtor's attorney, what should the Debtor have done? He is under a court order to pay the Trustee, and yet the IRS demands that it be paid. The Trustee is left completely in the dark, and if the Debtor withholds payment from the Trustee, the Trustee will move to dismiss the case for failure of the Debtor to perform under the plan. This, in turn causes more docketing, scheduling, and hearing

time in this Court until the matter is resolved. As an agency of the federal government, the IRS should, at the time of such levy, fully inform the Debtor (an innocent third party in this type of procedure) whether it is seeking property of the debtor or property of the estate. Better still, if the debtor's attorney has not yet been paid, the IRS should simply levy upon the Chapter 13 Trustee. This way the Debtor is spared the anxiety of being caught between conflicting governmental orders, and the Trustee is aware of the facts and will not initiate needless litigation in this Court. This Court cannot direct the IRS to follow any particular procedure, but if the IRS would prosecute its rights with a spirit of cooperation rather than as blind zealots, a lot of taxpayers money could be saved. Based on the foregoing, the Court finds that the respondents herein, *i.e.* the United States of America, the Internal Revenue Service, and Mark Rook, have not violated 11 U.S.C. § 362, and it is, therefore,

ORDERED that the Order to Show Cause entered May 19, 1986, is dissolved.