**In re Royal A. WALKER, Jr., Debtor.**

**Bankruptcy No. 86–00019.**

United States Bankruptcy Court,
District of Columbia.

April 22, 1988.

Royal A. Walker, Jr., pro se.

Sheldon P. Schuman, Bethesda, Md., for movant.

## ORDER RE MOTION FOR RELIEF FROM STAY

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Capital Park II Condominium Association ("Capital") has moved for relief from the automatic stay of 11 U.S.C. Section 362(a) to proceed against the debtor's condominium unit, used as his residence, to collect post-petition condominium fees owed by the debtor. The Court concludes that the automatic stay does not apply.

The debtor's plan and the order of confirmation did not provide for the residence to remain property of the estate to fund the plan. *See In re Adams,* 12 B.R. 540, 542 (Bankr.Utah 1981); *In re Root,* 61 B.R. 984, 985 (Bankr.Colo.1986) (dictum). Therefore, the residence, which had become property of the estate upon filing of the petition by the debtor, revested in debtor upon confirmation of the plan. See 11 U.S. C. Section 1327(b). Accordingly, the residence is no longer property of the estate and the automatic stay does not apply. *See, e.g., In re Adams, supra; In re Dickey,* 64 B.R. 3, 4 (Bankr.E.D.Va.1985). The contrary decisions of *In re Clarke,* 71 B.R. 747, 750 (Bankr.E.D.Pa.1987) and *In re Aneiro,* 72 B.R. 424 (Bankr.S.D.Cal.1987) are unpersuasive.

*Clarke* relies on dictum in *Root* but misconstrues it as holding that *all* property of the estate, not just that used to fund the plan, remains property of the estate upon confirmation despite 11 U.S.C. Section 1327(b). The *Aneiro* Court similarly misconstrues the *Adams* decision.

Moreover, *Clarke* and *Aneiro* disregard numerous cases that have held that the estate ceases to exist in Chapter 11 cases upon confirmation of the plan pursuant to 11 U.S.C. Section 1141(b), the exact analog of 11 U.S.C. Section 1327(b). *See, e.g., United States v. Redmond,* 36 B.R. 932, 934 (D.Kan.1982), *aff'g In re Westholt Mfg., Inc.,* 20 B.R. 368 (Bankr.Kan.1982).

Finally, *Clarke* and *Aneiro* assert that 11 U.S.C. Section 1306, which spells out what is property of the estate in a Chapter 13 case, requires property of the estate to remain in the estate upon revesting in the debtor. The residence here is property of the estate by virtue of 11 U.S.C. Section 541, which is incorporated by Section 1306. (Section 1306 additionally includes as property of the estate various property acquired after the commencement of the case.) However, sections 541 and 1306 do not purport to answer the question of when property of the estate *ceases* to be property of the estate. That question is resolved by resort to such provisions as Section 1327(b) (in the case of a confirmed plan) or 11 U.S.C. Section 349(b)(3) (in the case of a

dismissal). *See In re Nash,* 765 F.2d 1410, 1414–15 (9th Cir.1985).

Based on the foregoing, it is

ORDERED that the automatic stay does not apply to bar Capital from proceeding against the debtor's residence to collect Capital's post-petition claim.