**Kathleen A. LAUGHLIN,**
**Trustee, Appellant,**

v.

**UNITED STATES INTERNAL**
**REVENUE SERVICE,**
**Appellee.**

Bankruptcy No. 87–1067.

Nos. CV88–L–419 to CV88–L–421.

United States District Court,
D. Nebraska.

March 29, 1989.

Howard N. Kaplan, Omaha, Neb., for appellant.

Loren B. Mark, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

**MEMORANDUM ON APPEAL**

URBOM, District Judge.

The Chapter 13 Trustee for the District of Nebraska is Kathleen Laughlin. On January 5, 1988, Laughlin received a "Notice of Levy" from the IRS that required her to identify property that she held for the benefit of an individual who was later determined to be an attorney for three debtors whose plans are being administered by Laughlin. After manually searching her files, Laughlin discovered that the attorney was due fees in two cases that had been confirmed and that the attorney would be entitled to fees in the third case provided that the plan was confirmed. The parties have stipulated that the IRS's levy on the fees due from the debtor whose plan was unconfirmed is premature. Instead of responding to the IRS, Laughlin filed a motion for contempt and sanctions against the IRS in the bankruptcy proceedings and argued that by serving a notice of levy upon her, the IRS willfully violated the automatic stay provisions of 11 U.S.C. § 362. (Code sections hereafter will be referred to only by section.) The bankruptcy judge[1] denied her motion, 98 B.R. 490.

The central issue on appeal is whether, after a Chapter 13 plan is confirmed by the bankruptcy court, the presently undistributed and future property constitute "property of the estate" or "property of the debtor". The distinction is crucial because under section 362, "the stay of an act against property of the estate ... continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1).

The bankruptcy judge found that section 1327(b) controls the effect that confirmation has on the property and he ruled that the money presently held by Laughlin and the money that Laughlin receives in the future for payment to creditors under the terms of a confirmed plan is not property of the estate. Thus, he found that the IRS had not violated section 362. Additionally, he refused to order the IRS to take any action designed to alleviate the burdens imposed upon the Trustee resulting from

1. The Honorable Judge Timothy Mahoney, bankruptcy judge for the District of Nebraska.

any future notice of levy because he found that any such order would constitute injunctive relief and the court is barred under 26 U.S.C. § 7421(a) from granting injunctive relief against such actions by the IRS.

Two sections of the bankruptcy code apparently are at odds and are causing courts to reach different results when analyzing issues similar to the one presented in this appeal. Section 1327(b) states, "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

In a line of cases that apparently began with *In re Stark*, 8 B.R. 233 (Bankr.N.D. Ohio 1981), courts have construed section 1327(b) to mean that after confirmation of a plan, no property of the estate remains unless otherwise stated in the plan. *See In re Mason*, 45 B.R. 498, 500 (Bankr.D.Ore. 1984); *In re Dickey*, 64 B.R. 3, 4 (Bankr.E. D.Va.1985); *In re Walker*, 67 B.R. 811, 812, n. 3 (Bankr.C.D.Calif.1986) and *In re Walker*, 84 B.R. 888, 888 (Bankr.D.C.1988). The *Mason* court explained:

> [T]he debtor remain[s] in possession of all of the property of the estate between the time of the filing of the petition for relief and the order of confirmation. Title to such property, however, remains in the estate and is subject to the control of the court. Upon confirmation, not only does the debtor have the right to possession of the property which was property of the estate, but he is then vested with title to the property of the estate.... No longer is disposition of the property (except as otherwise provided in the plan or the order) controlled by the court. While the debtor has the obligation to comply with the plan and failure to do so could result in dismissal or conversion to chapter 7, the debtor nevertheless may use, sell or lease the property within or outside the ordinary course of business without the necessity of notice and a hearing or order of the bankruptcy court.

*Mason*, 45 B.R. at 500. The courts have reasoned that creditors are not bound by the automatic stay with regard to any post-confirmation property not specifically mentioned in the plan since that property becomes property of the debtor. This reasoning was adopted by the bankruptcy court.

The *Stark* and *Mason* courts' analysis presents no dilemma until section 1327(b) is attempted to be reconciled with section 1306, which defines property of the estate. In a line of cases, which are relied upon by the Trustee in the present dispute, courts have rejected the reasoning of *Stark* and its progeny and have interpreted 1327(b) in a manner intended to harmonize section 1327(b) with section 1306.

Section 1306, states:

a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

The leading case of this alternative approach is *In re Root*, 61 B.R. 984 (Bankr.D. Colo.1986). The issue presented to the *Root* court was whether the IRS had violated the section 362 stay by levying directly upon the debtor for all attorney fees then owed by the debtor to his attorney who was delinquent on the payment of his taxes. The *Root* court began its discussion by observing that under section 1306(a)(2), earnings from services performed by the Debtor post-petition are "property of the estate" and that under 1327(b), after confirmation, all "property of the estate" is vested in the debtor *unless* otherwise provided in the Plan." At this juncture, the *Root*

court's analysis departs from *Stark* and its progeny.

The *Root* court relied upon a statement from *In re Adams*, 12 B.R. 540 (Bankr. Utah 1981), wherein the court stated: "Any property which has not been designated in the plan or order of confirmation as necessary for the execution of the plan, revests with the debtor." *Id.* at 542. The *Adams* court determined that section 1322(b)(9) permitted the plan to vest property of the estate in the debtor and that, even if the plan was silent, section 1327(b) revests the property of the estate in the debtor unless the plan otherwise provides. Thus, the court observed that the definition of property of the estate found in section 1306 is "pruned dramatically at confirmation." *Id.*

In addition to relying on the *Adams* court's reasoning, the *Root* court noted that section 704(9), made applicable to Chapter 13 trustees by section 1302, requires that the Trustee "make a final report and file a final account of the administration of the *estate* with the court." [emphasis added by the *Root* court.] The court reasoned that this task would be impossible to perform if the entire estate extinguished upon confirmation. The debtor in *Root* had made his payments for fees to his attorney before he received the IRS's notice. The court noted that there was no evidence that the IRS was specifically seeking to levy on that portion of the property and earning which remained property of the estate post-confirmation, but concluded that if there had been such evidence, the court would have found that the IRS was in violation of the stay. *See also, In re Clark*, 71 B.R. 747 (Bankr.E.D.Pa.1987) (adopting the reasoning of the *Root* court and expressly rejecting the *Mason* court's reasoning) and *In re Aneiro*, 72 B.R. 424 (Bankr.S.D.Cal.1987) (holding that the clear language of section 1306 establishes that confirmation of a Chapter 13 plan is not relevant to determining whether property is or is not property of the estate).

A basic doctrine of statutory construction declares that where possible, two statutes must be read so as to give meaning to each statute. The courts that have fol- lowed the reasoning of *Adams* and *Root* indicate that both sections cannot be given meaning unless there is something known as "property of the estate" at the close, dismissal or termination of every bankruptcy case. I disagree.

I do not interpret the words, "Except as otherwise provided in the plan or order confirming the plan," to except all property mentioned in the plan from section 1327's rule that all property of the estate revests in the debtor. The language of the exception simply accommodates those debtors who utilize the option of vesting title to specific property to an entity other than himself or herself as part of the plan. *See* 1322(b)(9). If the debtor's plan does not have such a provision, then section 1306's provision explaining the life of property of the estate need not be invoked for that case. Such a result does not render 1306 meaningless, only inoperative in particular cases. Additionally, that the trustee retains supervision and control "over monies and property committed to the plan" does not compel the result that such property be labeled "property of the estate" in contradiction to the debtor's title to and possession of the property.

I also agree with the bankruptcy judge's decision to refrain from ordering the IRS to perform any task that would simplify the trustee's administrative chores resulting from the receipt of a Notice of Levy based upon the Eighth Circuit's interpretation of the Anti–Injunction Act.

For these reasons, I shall affirm the bankruptcy judge's opinion of June 22, 1988.