In re Jeanie M. LAMBRIGHT, Debtor.

Jeanie M. LAMBRIGHT, Plaintiff,

v.

UNITED STATES of America (INTERNAL REVENUE SERVICE), Defendant.

Bankruptcy No. 387–36554–SAF–13. Adv. No. 390–3812.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Jan. 9, 1991.

Bonnie Johnson, Johnson & Johnson, P.C., Dallas, Tex., for plaintiff and debtor.

Daniel C. Brauweiler, Sp. Asst. U.S. Atty., Dallas, Tex., for defendant.

MEMORANDUM OPINION AND ORDER DENYING APPLICATION FOR A PRELIMINARY INJUNCTION OR FOR A TEMPORARY RESTRAINING ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The debtor Jeanie M. Lambright moves this court for a preliminary injunction or in the alternative for a temporary restraining order to prohibit the Internal Revenue Service (IRS) from levying against Lambright's civil service annuity. The court conducted a hearing on October 29, 1990, and granted the parties two weeks to submit written briefs.

The application of the automatic stay and the construction of the Bankruptcy Code raise core matters over which the bankruptcy court has jurisdiction to enter a final order under 28 U.S.C. § 157(b)(2)(A) and (O) and § 1334. This memorandum opinion and order contains the court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

Lambright's application is DENIED.

I.

Lambright filed her Chapter 13 petition on December 14, 1987. Lambright's plan provided for a monthly payment of $441.00 to the trustee. The plan provided for payment of pre-petition taxes owed the IRS. In deriving her disposable income, Lambright allocated $200.00 per month for post-petition taxes. Her plan therefore contemplated payment of her pre-petition taxes from disposable income after payment of her post-petition taxes from her

monthly expense budget. A modified plan was filed on April 20, 1988. Lambright's modified plan provided for monthly payments to the trustee in the amount of $428.00. Under Lambright's plan, there was an income surplus per month of approximately $700.00. The court entered an order approving the modified plan on June 22, 1988.

On September 24, 1990, the IRS mailed a notice of levy to the United States Office of Personnel Management against Lambright's civil service annuity benefits. The IRS stated that it would attempt to execute on its lien on November 1, 1990. It informed Lambright it would garnish her civil service annuity every month until post-petition taxes in the amount of $19,930.52 were satisfied in full.

## II.

■ The issue to be addressed is whether the confirmation of the debtor's Chapter 13 plan terminated the automatic stay allowing the IRS to collect post-petition taxes. The court concludes that it did. The automatic stay under § 362(a)(3) prohibits: "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

Lambright contends that pursuant to 11 U.S.C. § 1306(a)(1) the civil service annuity is property acquired after the commencement of the case and remains property of the estate. It is therefore subject to the automatic stay. She further states that she requires the annuity to fund her payments and meet her monthly expenses under the modified plan.

The IRS argues that 11 U.S.C. § 1327(b) controls. This section provides that following the confirmation of a plan, the property of the estate vests in the debtor "[e]xcept as otherwise provided in the plan or the order confirming the plan." 11 U.S.C. § 1327(b). The IRS argues that Lambright's property vested in the debtor upon confirmation and the stay no longer applies because the plan did not provide "otherwise."

The Chapter 13 trustee joins with the IRS in asserting that because Lambright's confirmed plan does not expressly provide that the revesting of the property of the estate is postponed, all of the debtor's property is now vested in Lambright and not subject to the stay.

Bankruptcy courts have attempted to reconcile § 1306(a) with § 1327(b). Some courts have held that § 1306 prevails holding that the confirmation of a Chapter 13 plan is not relevant to determining whether property is or is not property of the estate. *In re Aneiro*, 72 B.R. 424 (Bankr.S.D.Cal. 1987); *see In re Clarke*, 71 B.R. 747 (Bankr.E.D.Pa.1987). These courts further reason that § 1306(a) provides that the relevant events in this determination are commencement of the case and either dismissal, closing or conversion of the case. *In re Aneiro*, 72 B.R. at 429.

Other courts have held that § 1327(b) must be read with § 1306(a). Section 1327(b) allows the debtor to provide in her plan that following confirmation the debtor's property will either vest with the debtor or remain property of the estate. If the former, the stay would not apply. If the latter, the stay would apply. *In re Petruccelli*, 113 B.R. 5 (Bankr.S.D.Cal.1990); *In re Walker*, 84 B.R. 888 (Bankr.D.D.C.1988); *In re Mason*, 45 B.R. 498 (Bankr.D.Ore. 1984), *aff'd* 51 B.R. 548 (D.C.Ore.1985). This court concludes that these are the better reasoned decisions. Statutory construction "is a holistic endeavor." *United Sav. Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). Chapter 13 of the Code must be read as a whole giving effect to the plain meaning of all its provisions. The statute must not be read in a manner that would render a provision superfluous or insignificant. *See Woodfork v. Marine Cooks & Steward Union*, 642 F.2d 966, 970–71 (5th Cir.1981).

■ Chapter 13 provides the debtor with a forum under the protection of the bankruptcy court to reorganize rather than liquidate by paying her pre-petition debts out of future income. 5 Collier on Bankruptcy, § 1300–02, at 1300–18 (1990). This pay-

ment of pre-petition debts is administered through a plan under the supervision of the trustee. 11 U.S.C. § 1326. Once the plan is confirmed, the debtor has the ability to dispose of her property without requiring the approval of the bankruptcy court. *In re Mason,* 45 B.R. at 500; *see* 11 U.S.C. § 1327(b). Creditors who have post-confirmation claims may deal with the debtor as if no bankruptcy had been filed. *In re Mason,* 45 B.R. at 500. If this were not the case, the reorganized debtor would not be able to obtain credit and the "fresh start" promised the debtor would not be available. The debtor is expected to remain current on her post-petition obligations. The debtor establishes her plan payments only after she accounts for her post-petition obligations. The debtor should not incur post-petition debts without prior trustee approval and, if she does, the debts may not be discharged. 11 U.S.C. §§ 1305(a)(2) and 1328(d). If the debtor's circumstances change, she may have her plan modified. 11 U.S.C. § 1329. Her confirmed plan restructures her pre-petition debts, but not her post-petition obligations.

Lambright argues that policy considerations prevent any collection activities against post-confirmation property because the reorganization attempts of a Chapter 13 debtor would be frustrated. This may be a consideration for the debtor. But the debtor has a choice under the Code. Rather than having property of the estate vest in the debtor at confirmation, her plan could have provided that the provisions of § 1327(b) not be triggered. Her property would have remained property of the estate and subject to §§ 362 and 1306(a). Lambright's plan did not exercise that option for apparently good reasons.

Lambright allocated $200.00 per month for payment of post-petition taxes. She had a surplus under her plan of approximately $700.00 per month. In total, Lambright had $900.00 per month to make payments on her post-petition taxes. She did not need the continued protection of the automatic stay and could pursue her fresh start unencumbered by the Code. She could pursue her post-confirmation financial affairs without her post-petition credi-

tors having to wait for the completion of a five year plan while the debtor has more than sufficient funds at her disposal to pay post-petition obligations.

Upon confirmation of the plan, the property of the estate becomes "vested" in the debtor. Once that occurred, the automatic stay no longer applied. *In re Petruccelli,* 113 B.R. at 17. If Lambright wanted to ensure that her civil service annuity remained property of the estate and subject to the automatic stay, she could have provided in her plan that her property not revest to her upon confirmation of her plan.

IT IS THEREFORE ORDERED that Lambright's application for a preliminary injunction or in the alternative for a temporary restraining order is DENIED.