In re Jerry Wayne THOMPSON and Martha Rebecca Thompson, Debtors.

In re David Royal BARBER, Debtor.

Bankruptcy Nos. 88 B 04637 J, 90–18264 RJB.

United States Bankruptcy Court, D. Colorado.

July 14, 1992.

---

Melissa McCue, Castle Rock, Colo., for debtors Jerry Wayne Thompson and Martha Rebecca Thompson.

Ellen R. Welner, Englewood, Colo., for debtor David Royal Barber.

John A. Weeda, Special Asst. U.S. Atty., Denver, Colo., for the I.R.S.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THESE CASES came on for hearing on June 25, 1992, on the Motions for Relief from Automatic Stay filed by the Internal Revenue Service ("IRS") seeking authority to exercise its administrative and judicial collection remedies to collect *post-petition* taxes from property of the debtor and property of the estate. There is a confirmed Chapter 13 Plan in both cases.

The *Thompson* case was filed April 13, 1988, and the Debtors filed their proposed Plan and Motion to Confirm on June 10, 1988. The Motion to Confirm was not served upon the Attorney General of the United States nor upon the United States Attorney for the District of Colorado. The Debtors did serve the IRS at the following address:

IRS–C:TOC:T
1050 17th Street
Denver, CO 80265

The IRS filed a Proof of Claim on July 11, 1988, for $5,214.15 due for income taxes for the calendar year 1986. The Plan was confirmed October 3, 1988. The IRS seeks to collect federal income taxes for the years 1988, 1989, and 1990, in the amount of $19,884.37.

The *Barber* case was filed November 30, 1990. (The Debtor's previous Chapter 13 case was dismissed on October 13, 1989.) The Debtor filed his proposed Chapter 13 Plan on November 30, 1990, and his Motion to Confirm on January 11, 1991. The Motion to Confirm was not served upon the Attorney General of the United State nor upon the United States Attorney for the District of Colorado. The Debtor did serve the IRS at the following address:

IRS–Special Procedures Staff
Attn: 5020,600 17th Street
Denver, CO 80202

The IRS filed a Proof of Claim on January 8, 1991, for income taxes for the calendar years 1984, 1985, 1987, and 1989, in the total sum of $23,566.57. On February 7, 1991, the IRS filed an Amended Proof of Claim correcting an earlier typographical error from "12/31/08" to "12/31/89." The claim for 1989 income taxes was estimated as the Debtor had not yet filed his tax return for that year. The IRS had filed Notices of Federal Tax Liens (NFTL) for the years 1984, 1985, and 1987 on December 23, 1988. The Debtor had provided in his Plan for payment of $10,150.00, capitalized at 10%, for a total priority claim of the IRS in the sum of $18,566.57.

Prior to and after, the filing of the petition in *Barber*, the Debtor was president of Interstate Carpentry Contractors, Inc. ("ICC"). As such, and the Debtor admitted at the hearing, the Debtor was a "responsible person" for ICC. ICC accrued em-

ployment taxes for the periods ending December 31, 1990, March 31, 1991, and June 30, 1991, for which the Debtor is liable as a "responsible person." It is this $51,109.87 for employment taxes under 26 U.S.C. § 6672 that the IRS seeks to collect at this time.

The IRS takes the position that relief from the automatic stay is not necessary to collect post-petition taxes and cites *In re Petruccelli*, 113 B.R. 5 (Bankr.S.D.Cal. 1990), and *In re Lambright*, 125 B.R. 733 (Bankr.N.D.Tex.1991). However, out of caution, the IRS seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1), "for cause."

Both confirmed plans herein provided that the debtor submits to the supervision and control of the Trustee all or such portions of the Debtor's future earnings or other income as is necessary for the execution of the Plan and then specified that future earnings of a given amount each month were to be paid to the Trustee. Each plan also provided that property of the estate shall vest in the debtor at the time of confirmation.

As pointed out in *In re Petruccelli, supra*, the automatic stay provided for in § 362 operates in three specific ways. It bars actions against the (1) debtor which actions could have been brought prepetition; (2) property of the debtor in an effort to collect prepetition debts; and (3) property of the estate regardless of whether the debt arose before or after the filing of the bankruptcy petition. Here, because we are concerned only with post-petition debts, the first two prohibitions are not at issue. What is at issue is the interplay between 11 U.S.C. §§ 1306(a)(2) and 1327(b). Section 1306(a)(2) provides as follows:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under

chapter 7, 11, or 12 of this title, whichever occurs first.

Section 1327(b) states:

(b) Except as otherwise provided in the plan[1] or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

The *Petruccelli* and *Lambright* courts have concluded that § 1327(b) controls and that upon confirmation of the plan, the property of the estate becomes vested in the debtor, and that there is no longer any property of the estate upon which § 362 can operate. However, as pointed out in *dicta* by this court in *In re Root*, 61 B.R. 984 (Bankr.Colo.1986), there must be some estate remaining after confirmation for the Chapter 13 Trustee to administer and upon which the Trustee makes a final report. In *Root*, this court concluded that after confirmation the "estate consists of the property and future earnings of the debtor dedicated to fulfillment of the Chapter 13 Plan." This court adheres to that conclusion.

To decide that § 1327(b) means that there is no property of the estate after confirmation would require that no meaning or effect be given to the language of § 1306(a)(2), something even the *Lambright*, court acknowledged was improper when it stated:

Chapter 13 of the Code must be read as a whole giving effect to the plain meaning of all its provisions. The statute must not be read in a manner that would render a provision superfluous or insignificant. *In re Lambright, supra*, at 734.

Congress did not say in § 1306(a)(2) that post-petition earnings of the debtor are property of the estate *until the Chapter 13 Plan is confirmed*. Rather, it said that such earnings are property of the estate *until the case is closed, dismissed, or converted*. Yet that is how the *Petruccelli* and *Lambright* courts have re-written § 1306(a)(2).

Such an interpretation also ignores the language of § 1306(b) which provides:

---

1. Of course, a debtor could provide, e.g., that some or all of the property of the estate would not vest in the debtor until discharge. In such a case, there would continue to be property of the

estate in addition to post-confirmation earnings under § 1306(b). Neither plan here so provided.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

If there is no longer any property of the estate upon confirmation, then § 1306(b) has no meaning. That subsection can have no applicability until confirmation, and if at that time there is no more property of the estate then there is no reason to grant the debtor possession of such nonexistent property of the estate.

Some courts have decided the issues herein by noting that § 1327(b) is identical to § 1141(b), and have concluded that the same meaning and results would attach to both sections. Normally, I would agree. However, in Chapter 11, there is no section comparable to § 1306(a)(2) which must be harmonized with § 1141(b).

It is the opinion of this Court that, in order to give effect to all the language in the statute, the concept of property of the estate must be viewed on a continuum. No one disagrees that at the time of filing the petition in bankruptcy, property of the estate is defined by § 541. Then, in accordance with § 1306(a)(2), additions to that property occur during the administration of the Chapter 13 case, i.e. the earnings of the debtor post-petition. Then, upon confirmation (unless the Plan provides otherwise), all of that property, which now consists of the § 541 property and the post-petition earnings of the debtor, vests in the debtor in accordance with § 1327(b). However, in each of the confirmed plans herein, the debtors specifically provided that only so much of their earnings, post-confirmation, as were necessary for the execution of the plan, were submitted to the control of the Chapter 13 Trustee, i.e. the amounts of their monthly payments to the Trustee. Thus, under § 1306(a)(2), so much of the debtors' future earnings as are necessary to meet their plan payments, become property of the estate.

 Judge Bowie correctly points out that it is not enough to say the funds necessary to make plan payments remain property of the estate, because the funds generally have no independent identity. *In re Petruccelli, supra,* 113 B.R. 5 at 16. In

order to give debtors and post-petition creditors alike a bright line to follow, this Court concludes that in these cases, and under these confirmed plans, property of the estate consists only of those funds actually paid to the Chapter 13 Trustee.

This interpretation will accomplish three things: (1) it will give effect and meaning to all relevant portions of the statute; (2) it will allow post-petition creditors to deal with the debtors at arms length; and (3) it will prevent post-petition creditors from levying upon funds in the hands of the Chapter 13 Trustee.

 Because the IRS is not seeking to attach or levy against property in the hands of the Chapter 13 Trustee, i.e. property of the estates, § 362 does not bar its actions to collect post-petition debt from any of the debtors herein. It is, therefore,

ORDERED that the within Motions for Relief from Automatic Stay are denied as moot and unnecessary.