**In re James MARKOWICZ, Debtor.**

**Bankruptcy No. BK–S–90–1278–LBR.**

United States Bankruptcy Court,
D. Nevada.

Jan. 21, 1993.

Thomas E. Crowe, Las Vegas, NV, for plaintiff.

David W. Sorensen, Sp. Asst. U.S. Atty., IRS Dist. Counsel, Las Vegas, NV, for defendant.

## ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS

LINDA B. RIEGLE, Bankruptcy Judge.

The Debtor, James Markowicz, filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 19, 1990. The Debtor's Chapter 13 plan was confirmed by this Court on July 18, 1990. The confirmed plan states: "12. *VESTING OF PROPERTY OF THE ESTATE.* Upon confirmation of this plan, all property of the estate shall vest in the debtor."

Subsequently, the Debtor incurred a post-petition tax liability to the Internal Revenue Service ("IRS") for the tax year 1991. On or about July 15, 1992, the IRS, without having obtained relief from the automatic stay, filed and served a Notice of Levy on the Debtor's employer for taxes incurred in the tax year 1991. Thereafter, Debtor's counsel and the IRS came to an agreement that the post-petition tax liabili-

---

ty would be treated in accordance with 11 U.S.C. § 1305(b). As a result of this agreement, on or about July 30 1992, the IRS released the levy. However, the IRS did not return to the Debtor the amount of $215.30 which it had collected pursuant to the levy prior to the release.

█ On September 3, 1992, the Debtor filed the instant Motion for Sanctions alleging that the filing of the levy without having first obtained relief from the stay was a blatant violation of 11 U.S.C. § 362(a)(3) and (a)(4) because pursuant to § 1306(a)(2), a debtor's post-petition earnings are property of the estate. In reply, the IRS argues that pursuant to 11 U.S.C. § 1327(b), the confirmation of a plan vests all property of the estate in the debtor; thus, since a debtor's post-confirmation wages are no longer property of the estate, the IRS did not violate the stay by issuing the levy on the Debtor's wages. Importantly, at the hearing on this matter, the IRS informed the Court that its levy did not extend to and was not intended to extend to those post-confirmation wages of the Debtor committed to the funding of his Chapter 13 plan. Thus, the only issue before the Court is whether post-petition wages not committed to the funding of a Chapter 13 plan are property of the estate, thereby making a levy on such wages violative of the automatic stay.

█ As have numerous courts dealing with this issue, this Court holds that by virtue of 11 U.S.C. § 1327(b)[1], property acquired by a chapter 13 debtor post-petition that is not committed to the funding of a plan is not property of the estate. *See, e.g., In re Thompson,* 142 B.R. 961 (Bankr. D.Colo.1992); *In re McKnight,* 136 B.R. 891 (Bankr.S.D.Ga.1992); *In re Ziegler,* 136 B.R. 497 (Bankr.N.D.Ill.1992); *In re Clark,* 71 B.R. 747 (Bankr.E.D.Pa.1987); *In re Root,* 61 B.R. 984 (Bankr.D.Colo.1986). At least two recent courts have gone even

further, holding that pursuant to § 1327(b) *all* property of the estate vests in the debtor upon confirmation of a plan, without regard to whether or not such property is committed to the funding of the debtor's plan. *See, e.g., In re Lambright,* 125 B.R. 733 (Bankr.N.D.Tex.1991); *In re Petrucelli,* 113 B.R. 5 (Bankr.S.D.Cal.1990).[2] However, as set forth above, the Court need not reach this question since the only issue before the Court today is whether post-confirmation earnings not committed to the funding of a plan vest in the debtor upon confirmation.

For the foregoing reason, the Court finds that the post-confirmation levy of the IRS to collect post-petition taxes did not violate the automatic stay. Accordingly, Debtor's Motion for Sanctions is DENIED.

IT IS SO ORDERED.

---

1. Section 1327(b) provides as follows: "Except as otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor".

2. Both of these courts have noted that a debtor can escape the effects of § 1327(b) by providing in his or her plan that following confirmation the debtor's post-petition earnings will remain property of the estate. *See Lambright,* 125 B.R. at 734; *Petrucelli,* 113 B.R. at 17. Accordingly, even interpreting § 1327(b) as literally as the *Lambright* and *Petrucelli* courts have will not necessarily work the dire consequences predicted by Debtor's counsel at the hearing on this matter.