**In the Matter of Thelma REED, Debtor.**

**Bankruptcy No. N92–11162–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Dec. 2, 1993.

Jacquelyn L. Kneidel, Wood, Odom & Edge, Newnan, GA, for debtor.

Jon D. Pifer, U.S. Dept. of Justice, Washington, DC, for I.R.S.

## MEMORANDUM OF OPINION AND ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Debtor filed the above-styled amended complaint objecting to the claim of the Internal Revenue Service (the "IRS"). This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K). The following facts are undisputed.

## FINDINGS OF FACT

On or about October 16, 1992, IRS filed an amended proof of claim for unpaid 1984, 1986 and 1987 federal income tax liability of Debtor in the total amount of $5,760.18. The tax liability was filed as a secured claim by virtue of a notice of federal tax lien, filed in Troup County, Georgia on October 29, 1990. Schedules attached to Debtor's bankruptcy petition reflect personal property with a total value of $3,120.00, subject to security interests totaling $1,761.53.

Debtor's liabilities for 1984 and 1986 are based upon her federal income tax returns, filed jointly with her spouse, and upon additional tax assessed against debtor and IRS from the taxpayer's[1] various employers revealed unreported income. As such, IRS increased Debtor's tax liability by $912.00 accordingly. This additional tax was assessed on August 31, 1987. As of the date of this petition, the tax liability for 1984, including interest and penalties, is $1,667.57.

---

**1.** The debtor and her spouse are together considered one taxpayer since they elected to file a joint return.

The same can be said for the 1986 tax returns. However, upon discovering unreported income, Debtor's tax liability was increased $956.00. This additional tax was assessed on September 4, 1989. As of the date of this petition, the tax liability for 1986, including interest and penalties, is $1,873.73. As for 1987, the unpaid balance of this tax liability, including interest and penalties, is $2,219.68.

Prior to the instant proceeding, Debtor filed a chapter 13 case on November 24, 1987, which, for reasons not known at this time, was dismissed on April 30, 1992. The petition in this case was filed shortly after dismissal in the previous case on May 12, 1992.

Debtor contends that IRS does not have a secured claim for her 1987 tax liability, and the claims for 1984 and 1986 tax liability are not entitled to priority status. Further, Debtor argues that the assessments of additional tax for 1984 and 1987 were not prohibited by the Debtor's previous bankruptcy and the Debtor's additional tax liability for 1986 is not entitled to priority status in the present case. Debtor explains that the rationale for this conclusion is that her 1986 tax liability will be discharged if Debtor completes her chapter 13 plan.

## ANALYSIS

### A. *Joint Liability*

Debtor concedes that she is jointly and severally liable with her spouse for 1984, 1986 and 1987 income taxes. That being so, there is no need for further discussion on this issue.

### B. *Secured Claims for 1987 and Priority for 1984 and 1986*

■ IRS contends that its claims for 1984 and 1986, even though unsecured, are entitled to priority under 11 U.S.C. § 507(a)(7). Under § 507(a)(7)(A)(i), a tax claim may become a priority claim in bankruptcy within three years of the date on which the bankruptcy petition is filed.

In the case *sub judice*, the three year period for the 1984 tax return would have expired on April 15, 1988, and the 1986 tax return would have expired on April 15, 1990. However, this Court previously has held that the three year period under § 507(a)(7) is tolled during the time a debtor is protected by having filed bankruptcy. *Stoll v. Internal Revenue Serv. (In re Stoll)*, 132 B.R. 782 (Bankr.N.D.Ga.1990). Here, prior to the dismissal of Debtor's previous case on April 30, 1992, she had been in bankruptcy continuously since November 24, 1987. That being so, Debtor's 1984 and 1986 liabilities still fall within the scope of § 507(a)(7).

■ Further, the Notice of Federal Tax Lien was not invalid as to Debtor's 1987 federal tax liability. Debtor's 1987 tax return was not due until April 15, 1988. She filed her previous bankruptcy petition on November 24, 1987. As such, her 1987 tax liability is considered a post-petition claim.

. The question, thus, becomes whether Debtor's property has been revested in her. Section 1327 of the Bankruptcy Code provides that except as otherwise provided in the plan, or the Order confirming the plan, the confirmation of the plan vests all the property of the estate in the Debtor.[2] Citing *Aneiro v. Riddle (In re Aneiro)*, 72 B.R. 424 (Bankr.S.D.Cal.1987), Debtor argues that revesting of the property of the estate in Debtor does not transform property of the estate into property of Debtor. Instead, Debtor contends, the revested property remains property of the estate subject to the terms of the Order of confirmation and all the protections of § 362(a).

Although this argument has merit, many other courts have held that IRS may take collection action with respect to post-petition claims against any property not necessary to the funding of the chapter 13 plan. *See In re Thompson*, 142 B.R. 961, 964 (Bankr.D.Colo. 1992) (after confirmation of chapter 13 plan, all property revests in Debtor and IRS may attach any property not in the hands of the

---

**2.** Although the specific date of confirmation is unknown, it apparently would have occurred before October 1990, the date on which the Notice was filed. This is so because the case had been pending since November 1987.

chapter 13 trustee in order to collect post-petition liabilities); *accord In re Dickey,* 64 B.R. 3, 4 (Bankr.E.D.Va.1985) (IRS not prevented by automatic stay from serving tax levy for post-petition liabilities); *In Petruccelli,* 113 B.R. 5, 15–16 (Bankr.S.D.Cal.1990); *see also In re Markowicz,* 150 B.R. 461, 462 (Bankr.D.Nev.1993) (property not committed to funding plan is not "estate property" and may be attached for post-petition debt); *American Gen. Fin. v. McKnight (In re McKnight),* 136 B.R. 891, 894 (Bankr.S.D.Ga. 1992) (after confirmation post-petition creditor may attach any property except post-petition earnings devoted to plan payments). That being so, IRS's action in filing a Notice of Federal Tax Lien on October 29, 1990 for Debtor's post-petition 1987 tax liability is entitled to be a secured claim in this case.

■ According to Schedules A and B of Debtor's bankruptcy petition, she has at least $1,761.53 in unencumbered personal property. Pursuant to section 506, Debtor must prove that the value of the interest of IRS in such property is insufficient for the secured 1987 tax claim for the amount of $2,219.68. Debtor notes that section 6334(a)(1) of the Internal Revenue Code exempts a taxpayer's necessary wearing apparel from levy, and subsection (a)(2) exempts the taxpayer's furniture and personal effects valued up to $1,500. Relying on *In re Barbier,* 77 B.R. 799 (Bankr.D.Nev.1987), Debtor contends, therefore, that IRS's claim only could attach to Debtor's unencumbered interest in her automobile, which is valued at $537.47.

However, the value of any exemptions claimed by the debtor may not be excluded in determining the value of the secured tax claim, because a federal tax lien cannot be avoided with respect to exempt property. 11 U.S.C. § 522(c)(2)(B). Since that is the case, IRS is entitled to a secured claim of $1,761.53 (the stated value of Debtor's unencumbered property). *See, e.g., Frengel v. Internal Revenue Serv. (In re Frengel),* 115 B.R. 569 (Bankr.N.D.Ohio 1989); *Robinson v. United States through Internal Revenue Serv. (In re Carolina Resort Motels, Inc.),* 51 B.R. 447 (Bankr.D.S.C.1985); *In re Barry,* 31 B.R. 683 (Bankr.S.D.Ohio 1983); *see also, Perry v. United States (In re Perry),* 90 B.R. 565 (Bankr.S.D.Fla.1988); *Carlton v. Internal Revenue Serv. (In re Carlton),* 19 B.R. 73 (D.N.M.1982).

## C. *Additional Assessments of 1984, 1986 and 1987*

■ It is undisputed that the assessments of additional tax for 1984 and 1987 were not prohibited by Debtor's previous bankruptcy case. As for the 1986 additional tax assessments, Debtor contends they were discovered subsequent to Debtor's prior case, and when a deficiency notice was issued, the debt became due. Following Debtor's argument, that debt, therefore, constituted a post-petition tax debt and section 362(a)(6) did not stay the assessment. Thus, according to Debtor, the 1986 tax liability was validly assessed post-petition on May 30, 1988, and 11 U.S.C. § 507(a)(7)(A)(iii) does not give the debt priority status.

Nevertheless, that is not the law. Debtor is correct that the liability for additional 1986 tax income was assessed during her previous bankruptcy case. However, although this assessment was valid as to her spouse, it was invalid against her. The automatic stay of § 362 prevented the assessment from being valid at that time. *Albany Partners, Ltd. v. W.P. Westbrook, Jr. (In re Albany Partners, Ltd.),* 749 F.2d 670, 675 (11th Cir.1984). In spite of this, the additional 1986 tax liability may still be assessed under applicable law after the instant chapter 13 case is either completed or dismissed. Section 6501 of the Internal Revenue Code permits tax liability to be assessed within three years after the date the tax return is filed. Debtor's joint tax return, with her spouse, was filed on April 15, 1987. That being true, the period of assessments of addition tax income for that tax year would normally have expired on April 15, 1990. However, this statute of limitations was tolled during the time debtor was in her previous bankruptcy. 26 U.S.C. § 6503(h); *accord Stoll v. Internal Revenue Serv. (In re Stoll),* 132 B.R. 782 (Bankr.

N.D.Ga.1990). In the case *sub judice*, Debtor has been continuously in bankruptcy, with an approximate one month exception, since November 1987. Therefore, Debtor's additional 1986 tax liability is still assessable against her.

Section 507(a)(7)(A)(iii)(C) of the Bankruptcy Code provides that a tax liability which is "not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case" constitutes a seventh degree priority claim. This is precisely the case here, where the additional liability was not assessed[3] but remains assessable under applicable law. Accordingly, Debtor's 1986 tax liability is entitled to priority status.

### CONCLUSION

For the above reasons, Debtor is not entitled to the relief requested in her Amended Objection to Claim. The tax claim of the IRS as to the 1987 taxes is a secured claim in the amount of $1,761.53. Additionally, the additional 1984 and 1986 tax claims are entitled to priority status pursuant to 11 U.S.C. § 507(a)(7).

### ORDER

Accordingly, **IT IS THE ORDER OF THE COURT** that Debtor's Amended Objection to Proof of Claim be, and the same hereby is, **OVERRULED.**

**IT IS SO ORDERED.**

---

3. In this case, the additional liability was actually     assessed invalidly. *Supra.*